SIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMAL BRATHWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| DENNY'S, INC., d/b/a DENNY'S RESTAURANTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, JAMAL BRATHWAITE, by and through the undersigned counsel, and files this, his Complaint against Defendant, DENNY'S, INC., d/b/a DENNY'S RESTAURANTS, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, JAMAL BRATHWAITE (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Humble, Texas

(Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, DENNY'S, INC., d/b/a DENNY'S RESTAURANTS, INC. (hereinafter "Defendant"), is a California company that transacts business in the State of Texas and within this judicial district.

8. Defendant may be properly served with process via service, to wit: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

**FACTUAL ALLEGATIONS**

9. On or about April 11, 2018, Plaintiff was a customer at "Denny's," a

business located at 1760 FM 1960 Rd. W., Houston, TX 77090, referenced herein as the "Denny's."

10. Defendant is the owner or co-owner of the real property and improvements that Denny's is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives 13 miles from the Denny's and the Property.

12. Plaintiff's access to the business located at 1760 FM 1960 Rd. W., Houston, TX 77090, Harris County Property Appraiser's parcel/identification number 110650000001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at Denny's and the Property, including those set forth in this Complaint.

13. Plaintiff has visited Denny's at least once before. Plaintiff intends on revisiting Denny's in the very near future, to determine if and when the Denny's and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit Denny's and the Property to purchase goods and/or services as well as for Advocacy Purposes.

15. Plaintiff travelled to Denny's and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Denny's and

the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Denny's and the Property.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to

> compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
>
> * * * * *
>
> (iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. Denny's is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25. Denny's must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed Denny's and the Property in his capacity as a customer of Denny's and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Denny's and the Property that precluded and/or limit his access to Denny's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit Denny's and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Denny's and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Denny's and the Property that preclude and/or limit his access to Denny's and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA

violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Denny's and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at Denny's and the Property, including those specifically set forth herein, and make Denny's and the Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Denny's and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Denny's and the Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) The access aisles to all of the accessible parking spaces are not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This applies to all three accessible parking

spaces. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) The Property has two ramps leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property. This violation applies to all three ramps on the Property.

(iii) There is an excessive vertical rise at the base of the accessible ramp in violation of Sections 303.2 and 405 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(iv) The maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v) For the southernmost accessible parking space, due to a policy of having parking stop for this accessible parking space placed directly adjacent to the curb, cars routinely pull up all the way to the curb and the "nose" of the car extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b) RESTROOMS**

(i) Due to a policy of storing high chairs in front of the restroom doors, the door of the restroom entrance lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii) There is inadequate clear turning space in the stall in violation of section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii) The accessible toilet stall door is not self-closing and violates Section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(iv) The toilet seat liner dispenser in the restrooms is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in

violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) The door exiting the restroom lacks a proper minimum maneuvering clearance due to the proximity of the wall adjacent to the door hardware in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Denny's and the Property.

33. Plaintiff requires an inspection of Denny's and the Property in order to determine all of the discriminatory conditions present at Denny's and the Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring Denny's and the Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Denny's and the Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Denny's and the Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38. Upon information and good faith belief, Denny's and the Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Denny's and the Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to

modify Denny's and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, DENNY'S, INC., d/b/a DENNY'S RESTAURANTS, INC., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 3, 2018.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
21301 Powerline Road, Suite 106
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com